# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

KEITH RASPBERRY,              )
                                    )
              Plaintiff,          )       No. 4:14 CV 1895 DDN
                                    )
      v.                         )
                                    )
SOCIAL SECURITY ADMINISTRATION,    )
                                    )
             Defendant.     )

## OPINION FOLLOWING NONJURY TRIAL

This action is before the court following a nonjury trial. The parties consented to the exercise of plenary authority in this case by a United States Magistrate Judge under 28 U.S.C. §636(c). For the reasons set forth below, judgment is entered in favor of the defendant Social Security Administration (SSA).

Plaintiff Keith Raspberry alleged a claim against defendant SSA for relief under the federal Privacy Act of 1974, 5 U.S.C. § 552a(b)(1). Plaintiff alleged that in October 2013 defendant's personnel, employed in the SSA office in Jackson, Tennessee, disclosed personal and confidential information about his medical conditions to his former spouse Mary Raspberry without his permission.

From the evidence adduced at trial, including the court's *in camera* review of the video deposition of plaintiff's former spouse, Mary Raspberry, and the memoranda of counsel the court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

1.    Plaintiff Keith Raspberry and Mary Maurice Teague (Mary Raspberry) were married on March 5, 1977, in Henderson County, Tennessee. On November 3, 1977, a divorce decree was signed by a Judge of the Circuit Court of Henderson County declaring that they were divorced. That divorce decree was file stamped on November 5, 1977. However, the divorce decree was not signed by Mary Raspberry's attorney.

2.      In September 2013, Mary Raspberry learned that a background check of her indicated she was still married to Keith Raspberry.  At this time she was endeavoring to gain legal custody of her grandson.

3.      Sometime before October 8, 2013, Keith Raspberry told Mary Raspberry that he was ill with skeletal problems and liver disease.  During their marriage Mary learned also that Keith suffered from seizures.

4.      On October 8, 2013, Mary Raspberry went to the Henderson County, Tennessee, courthouse to find out whether she was in fact divorced from Keith Raspberry.  The court clerk provided her a copy of her and Keith's marriage certificate, showing that she married Keith on March 5, 1977.  The court clerk also provided Mary an official letter, dated October 8, 2013, which indicated that that office checked its records and found no record of a Chancery Court divorce action between her and Keith Raspberry.  As a result of this information, Mary Raspberry thought she might be entitled to Social Security benefits on Keith's records if she were still married to him.

5.      Thereafter on October 8, 2013, Mary Raspberry telephoned the SSA office in Jackson, Tennessee, and asked about her and Keith Raspberry's benefits.  She was required to visit the SSA office in person, which she did later that day.

6.      On October 8, 2013, Mary Raspberry entered the SSA office in Jackson and took a number to be served.  When her number was called she went to the counter and was waited on by SSA clerk William Brasher.

7.      Mary Raspberry told clerk Brasher that she was there to find out whether she was entitled to any benefits because there was a possibility she was still married to Keith Raspberry.  She gave him her name, her social security number, her marriage certificate, and the letter that showed there was no record of a divorce proceeding for her and Keith Raspberry.  She also gave clerk Brasher Keith Raspberry's date of birth, but not his social security number because she did not know it.  In that conversation Mary Raspberry told Mr. Brasher that Keith Raspberry was sick.  He asked her what was wrong with him.  She stated Keith Raspberry had skeletal problems, a liver disease, and possibly nervous system problems.

8.     At some time in the conversation, clerk Brasher left the interview area, reviewed Mary's records, opened Keith's records, and returned.  Upon returning, clerk Brasher told Mary Raspberry that he could not give her any specific information about benefits until after Keith's death.  He gave her no information about what her or Keith's benefits were.  He merely repeated to her what she had told him, that Keith was ill with liver disease.  In doing so, William Brasher did not disclose information from a Social Security Administration record.  Mary Raspberry's statement to William Brasher was his source for his statement to her that Keith had liver disease.  He waited on her for about 30 minutes.  When her business was concluded, Mary Raspberry left the Social Security Administration office.

9.     Plaintiff Keith Raspberry never consented to the SSA providing Mary Raspberry with any information from his SSA records.

## CONCLUSIONS OF LAW

The essential elements of plaintiff's claim under the federal Privacy Act[1] are:  (1) the Social Security Administration disclosed to Mary Raspberry; (2) records about Keith Raspberry that were contained in a "system of records"; (3) without Keith Raspberry's consent;[2] (3) the disclosure had an adverse effect on Keith Raspberry;[3] and (4) the disclosure was willful or

---

[1] In relevant part, the Privacy Act provides:  "**Civil remedies.**—Whenever any agency . . . (D) fails to comply with any other provision of this section . . . in such a way as to have an adverse effect on an individual, the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters under the provisions of this subsection."  5 U.S.C. § 552a(g)(1).

[2] "No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains . . . ."  5 U.S.C. § 552a(b).

[3] See footnote 1.

intentional.[4]  Whyde v. Rockwell Int'l Corp., 101 F. App'x 997, 999 (6th Cir. 2004); Morris v. Nicholson, 2007 WL 2905346, at *2 (M.D. Tenn. Sept. 26, 2007); Afshar v. Everitt, 2005 WL 2898019, at *3 (W.D. Mo. Oct. 31, 2005).

The parties do not dispute that information about plaintiff's health could qualify as information relating to claim element (2).  Such information could qualify as "record[s] contained in a system of records."  However, the SSA denies that any such disclosure of record information was made.

In the post-trial memoranda, plaintiff argues that SSA clerk William Brasher disclosed to Mary Raspberry medical information about Keith Raspberry, especially that Keith suffered from a liver disease, and that this information was a disclosure of information in his SSA records. While the court finds that William Brasher stated to Mary Raspberry that Keith Raspberry suffered from liver disease, the source of this information was the information Mary Raspberry had provided Brasher in their conversation about the possibility she might be entitled to benefits based upon her possible-then-current marriage to Keith.

Plaintiff argues that Mary Raspberry did not know that plaintiff had Hepatitis C or liver disease before she went into the SSA office on October 8, 2013.  The credible record is to the contrary.  Mary clearly testified in her deposition that Keith had told her this information about himself well before October 8, 2013.

The statement to Mary Raspberry by the SSA clerk of plaintiff's health condition was not a sharing of information in plaintiff's SSA records, but a restatement of what Mary Raspberry told the clerk.  Such a statement by the SSA clerk is not a violation of the Privacy Act.  See Hoffman v. Rubin, 193 F.3d 959, 966 (8th Cir. 1999) (holding in order for a disclosure to be a

_____

[4] "In any suit brought under the provisions of subsection . . . [(g)(1)(D)] of this section in which the court determines that the agency acted in a manner which was intentional or willful, the United States shall be liable to the individual in an amount equal to the sum of – (A) actual damages sustained by the individual as a result of the refusal or failure, but in no case shall a person entitled to recovery receive less than the sum of $1000; and (B) the costs of the action together with reasonable attorney fees as determined by the court."  5 U.S.C. § 552a(g)(4).

violation of the Privacy Act, the information must be disclosed by the agency, and not come from an outside source).

For the reasons stated above, the court enters judgment against plaintiff Keith Raspberry and in favor of defendant Social Security Administration. The action is dismissed with prejudice at plaintiff's costs.


_____/S/   David D. Noce_____
**UNITED STATES MAGISTRATE JUDGE**

Signed on July 11, 2016.